(June 3, 1965)

■ The People of the State of New York v. Kenny Grier.— Motion to dismiss appeal granted. Under section 517 of the Code of Criminal Procedure no appeal lies to this court from an order denying a motion for a free copy of minutes. (*People* v. *Leggett*, 14 A D 2d 708 [2d Dept.].) Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

(June 8, 1965)

■ In the Matter of Ann Martin, Mother, on Behalf of Willard Martin and Others, Appellant-Respondent, v. W. C. Rappleye, Jr., Respondent-Appellant.— Order, entered on October 20, 1964, providing for the support of respondent's three children unanimously modified on the facts to provide for support of each child at the rate of $200 per month, on condition that such child attend a private school, and, as so modified, affirmed, without costs to either party. Petitioner's counsel is awarded a counsel fee of $350. The order of the Family Court directed support in the sum of $150 per month for each child. We believe this sum to be inadequate both on the basis of defendant's ability to pay and the prior standard of living of the parties. The children had attended private schools. Petitioner states that she desires to have them continue to do so. The award is increased by $50 per month per child to take care primarily of this expense. Should petitioner fail to maintain any child in a private school, the award and the payments thereunder may be reduced pro rata accordingly. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ Elliott Sustrin, Respondent, v. Jethmal & Sons, Ltd., Appellant. — Order and judgment unanimously affirmed, on the law and on the facts, with $50 costs to respondent. Partial summary judgment was properly granted to the assignee of a claim for goods sold and delivered, and the second counterclaim for a credit and allowance in settlement of a claim for damaged merchandise was properly severed. The first counterclaim alleges a breach of the agreement sued upon in that the plaintiff's assignor granted to the defendant an exclusive distributorship of the goods sold for the Hong Kong and Philippine areas. It is further alleged that the plaintiff's assignor breached this agreement in that it sold to defendant's competitors in those areas. The allegations of this counterclaim are too vague and indefinite for this court to determine the merits, if any, or to defeat the granting of summary judgment. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.